UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TERRY L. WILSON,

    Plaintiff,

v.

Case Number 1:09-cv-13394
Honorable Thomas L. Ludington

THE UNITED STATES ATTORNEY
GENERAL OFFICE,

    Defendant,
_____/

**OPINION AND ORDER DISMISSING COMPLAINT PURSUANT
TO 28 U.S.C. § 1915(g) AND TRANSFERRING CASE TO THE
COURT OF APPEALS PURSUANT TO 28 U.S.C. §§ 1631 & 2244(b)(3)(A)**

Plaintiff Terry L. Wilson file pro se civil rights complaint pursuant to 42 U.S.C. § 1983 and other federal statutes on August 27, 2009 [Dkt. # 1]. Plaintiff has also filed an application to proceed without prepayment of fees [Dkt. # 2], and other motions and petitions [Dkt. # 3–8], seeking representation by counsel, a jury trial, and permission to file exhibits in support of his complaint. Plaintiff is a parolee who is currently confined by the Michigan Department of Corrections at Turning Point in Pontiac, Michigan. After review of plaintiff's case and his litigation history in the federal courts, the Court concludes that Plaintiff's complaint must be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). Plaintiff's complaint is actually a second or successive petition for habeas relief and the Court will transfer the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

I.

Federal law provides that "[t]he clerk of each district court shall require the parties instituting

any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350, except that on application for a writ of habeas corpus the filing fee shall be $5." 28 U.S.C. § 1914(a); *see also Owens v. Keeling*, 461 F. 3d 763, 773 (6th Cir. 2006) (explaining the filing fee requirements in prisoner civil rights litigation). The Prisoner Litigation Reform Act of 1995 (PLRA) provides that "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1); *see In re Prison Litigation Reform Act*, 105 F. 3d 1131, 1138 (6th Cir. 1997). The statute also provides an opportunity for prisoners who are unable to pay $350 up front to make a twenty-percent "downpayment" and contribute toward a monthly payment plan until the fee is satisfied. 28 U.S.C. § 1915(a) & (b); *See Miller v. Campbell,* 108 F. Supp. 2d 960, 962 (W.D. Tenn. 2000) (explaining the payment plan procedure).

If, however, a federal court has on three or more previous occasions dismissed a suit brought by the same prisoner while that prisoner was incarcerated "on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," the prisoner is not entitled to the benefits of 28 U.S.C. § 1915 and the Court may dismiss the complaint unless the prisoner is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The so-called three strikes provision applies to parolees, like Plaintiff, who are confined to a halfway house or other treatment facility as a condition of their parole. *See Jackson v. Johnson,* 475 F.3d 261, 265–67 (5th Cir. 2007). A federal district court may raise the three strikes provision of the PLRA on its own initiative. *See Witzke v. Hiller*, 966 F. Supp. 538, 539. Moreover, a district court may take judicial notice a plaintiff's prior dismissals for purposes of § 1915(g). *See Green v. Nottingham*, 90 F. 3d 415, 418 (10th Cir. 1996).

A search of federal court records indicates that Plaintiff has at least eight prior civil rights complaints dismissed by federal courts for being frivolous, malicious, or for failing to state a claim upon which relief could be granted. *See Wilson v. Michigan Parole Board*, No. 92-CV-77258 (E.D. Mich. Jan. 25, 1993)(Cohn, J.); *Wilson v. Taylor*, No. 92-CV-72005 (E.D. Mich. July 31, 1992)(Gilmore, J.); *Wilson v. Taylor*, No. 92-CV-72004 (E.D. Mich. July 31, 1992)(Gilmore, J.); *Wilson v. Taylor*, No. 92-CV-72001 (E.D. Mich. July 31, 1992)(Gilmore, J.); *Wilson v. Brown*, No. 92-CV-71999 (E.D. Mich. July 31, 1992)(Gilmore, J.); *Wilson v. Mich. Dept. Of Corr.*, No. 92-CV-60455 (E.D. Mich. Jan. 20, 1993)(LaPlata, J.); *Wilson v. Jabe*, No. 90-CV-73231 (E.D. Mich. Nov. 21, 1990)(Hackett, J.); *Wilson v. State Prison for S. Mich., Grievance Office*, No. 90-CV-70731 (E.D. Mich. Mar. 30, 1990)(Woods, J.).

At least three additional § 1983 claims have been dismissed pursuant to three-strikes provision of 28 U.S.C. § 1915(g). *Wilson v. Oakland County*, No. 02-71215 (E.D. Mich. Apr. 25, 2002)(Tarnow, J.); *Wilson v. Fifty Second Dist. Ct.*, No. 02-71216 (E.D. Mich. Apr. 25, 2002)(Tarnow, J.); *appeal dismissed* No. 02-1671(6th Cir. Nov. 22, 2002); *Wilson v. Oakland County*, No. 02-71217(E.D. Mich. Apr. 25, 2002)(Tarnow, J.); *aff'd* 49 Fed. App'x 610 (6th Cir. 2003). As he has been informed before, Plaintiff is prohibited from proceeding in forma pauperis in this or any other civil rights case while he remains incarcerated. 28 U.S.C. § 1915(g). "An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit." *See Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999).

Moreover, plaintiff has not alleged any facts which would establish that he is in imminent danger of serious physical injury, and thus, he does not come within the exception under 28 U.S.C.§

1915(g). A district court is not required to grant leave to proceed under the "imminent danger" exception where the claims of danger are "conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner v. Kinder*, 290 Fed. App'x 796, 798 (6th Cir. 2008)(internal quotations and citations omitted). Although plaintiff mentions the imminent danger exception, plaintiff's complaint contains insufficient facts and detail to establish that he is in danger of imminent physical injury. *Id.* Simply put, plaintiff is not entitled to invoke the imminent danger exception to § 1915(g) because he has failed to elaborate on the nature of the threat. *Wilson*, 49 Fed. App'x at 611.

Plaintiff's civil rights complaint is therefore subject to dismissal pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke*, 966 F. Supp. at 540. Additionally, because eight earlier cases filed by Plaintiff were dismissed for being frivolous, malicious, or failing to state a claim, 1915(g) bars him from appealing in forma pauperis. *See Drummer v. Luttrell*, 75 F. Supp. 2d 796, 805–806 (W.D. Tenn. 1999). The Court therefore refuses to certify that any appeal from this dismissal would be in good faith.

This Court further notes that to the extent that plaintiff is challenging his 2006 criminal conviction out of the Oakland County Circuit Court for possession of cocaine and being a fourth felony habitual offender, his sole federal remedy would be by filing a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Rogers v. Detroit Police Dept.*, 595 F. Supp. 2d 757, 767 (E.D. Mich. 2009). Plaintiff, however, has already sought and been denied habeas relief from this conviction. *Wilson v. Booker*, No. 07-13286-DT (E.D. Mich. Sept. 30, 2008)(Hood, J.). To the extent that Plaintiff's complaint constitutes a "second or successive

petition" within the meaning of 28 U.S.C. § 2244(b)(3), the Court will transfer the matter to the Court of Appeals so that the plaintiff may seek permission to proceed with a successive habeas petition.

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Congress has vested in the court of appeals a screening function that the district court would have performed otherwise. *Felker v. Turpin*, 518 U.S. 651, 664 (1996). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 ("Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed . . . ."); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) ("[W]hen a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

In the present case, plaintiff has previously filed a habeas petition with the federal courts in which he challenged his criminal conviction. To the extent that plaintiff is attempting to challenge his criminal conviction in this complaint, his sole remedy would be by filing a petition for writ of habeas corpus. Plaintiff cannot file a second or successive petition without first obtaining permission to file a second or successive habeas petition from the court of appeals. Accordingly,

the Clerk of Court is ordered to transfer the habeas petition to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

Accordingly, it is **ORDERED** that Plaintiff Terry L. Wilson's application to proceed in forma pauperis [Dkt. # 2] is **DENIED** and the complaint [Dkt. # 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915(g).

It is further **ORDERED** that Plaintiff's other pending motions for a jury trial [Dkt. # 5] and for permission to enter exhibits [Dkt. # 6–7] are **DENIED AS MOOT**.

It is further **ORDERED**  that any appeal taken by Plaintiff would not be taken in good faith.

It is further **ORDERED** that the Clerk of the Court is **DIRECTED** to transfer this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631, 28 U.S.C. § 2244(b)(3)(A) and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), for a determination of whether plaintiff should be permitted to file a subsequent habeas petition.

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

Dated: November 17, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 17, 2009.

                         s/Tracy A. Jacobs
                         TRACY A. JACOBS